■ DAN'S SUPREME SUPERMARKET, INC., Appellant, v AMERICAN INTERNATIONAL GROUP, INC., et al., Respondents. [619 NYS2d 47] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about April 16, 1993, which, *inter alia,* granted defendants' respective motions for summary judgment dismissing the complaint against them and denied plaintiff's motion for a declaration that defendants are obligated to indemnify plaintiff in connection with a certain legal action commenced against it, unanimously affirmed, with costs.

The insurance policy issued by American International Group, Inc. required the insurer to pay for damages attributable to bodily injury or property damage "caused by an occurrence", and "to defend any suit against the insured seeking damages on account of such bodily injury or property damage". The action commenced in Nassau County against Dan's Supreme Supermarket, Inc. (Dan's), the plaintiff herein, did not seek to recover damages for bodily injury caused by "an occurrence"—defined in the policy as "an accident * * * which results in bodily injury or property damage". Rather, said action sought to hold Dan's liable for its purported intentional conduct in soliciting and abetting one of its employees to commit perjury, as well as for fraudulent misrepresentation and making false statements. While the award of damages, if any, to Gouldsbury in the underlying Nassau County action would be measured by the extent of his personal injuries resulting from "an occurrence", Dan's alleged conduct in soliciting perjury did not cause and is unrelated to, any "bodily injury" sustained by Gouldsbury.

Under these circumstances American International Group, Inc.'s notice rejecting coverage was appropriate. In addition, we note that United States Fire Insurance Co.'s rejection of coverage was properly based on late notice from the insured. Accordingly, the Supreme Court appropriately denied plaintiff's motion for summary judgment and granted the defendants' motion for summary judgment dismissing the complaint. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.